UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA MICHAELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV1360 RWS |
| | ) | |
| WELLS FARGO ADVISORS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff brings disability discrimination claims under federal and state law against Wells Fargo Advisors, her former employer, and Wells Fargo & Company, its parent company. Wells Fargo & Company first moves to dismiss all claims against it for failure to bring this suit within the ninety-day period following her receipt of the right to sue letter.[1] A plaintiff bringing an ADA claim or an MHRA claim is required to file suit within ninety days of receiving a right to sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); Mo. Rev. Stat. § 213.111.1. Here, there is no

---

[1] When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008).

dispute that plaintiff named Wells Fargo & Company as a defendant in this action long after her 90-day right to sue period expired.[2] In opposition to dismissal, plaintiff only argues that the claims should relate back to the timely-filed ones against Wells Fargo Advisors because plaintiff was proceeding pro se at the beginning of this case and was "completely unaware" that Wells Fargo & Company was the parent company of her employer Wells Fargo Advisors. Plaintiff also argues that there was "a mistake of identity."

Although the 90-day time limitation is subject to equitable tolling in exceptional circumstances, plaintiff has not demonstrated that any of those apply here. Courts apply the ninety-day time limit strictly, and proceeding pro se is not a sufficient reason to equitably toll the deadline. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000); Lanham v. Missouri Department of Corrections, 232 S.W.3d 630, 634-35 (Mo. Ct. App. 2007). Moreover, there is no "mistake of identity" here that would justify equitable tolling in this case.[3] Plaintiff is

---

[2] Plaintiff filed her claims against Wells Fargo & Company 258 days after receiving her right to sue notice from the MCHR and 318 days after receiving her right to sue notice from the EEOC.

[3] It appears that plaintiff may be attempting to argue that the amendment should relate back to the timely filed complaint under Fed. R. Civ. P. 15(c)(1)(C). Yet plaintiff has not demonstrated that any of the requirements of that rule have been satisfied. "[R]elation back under Rule 15(c)(1)(C) depends on what the party added knew or should have known, not on the amending party's knowledge." Krupski v. Costa Crociere S.p.A., 130 S. Ct. 2485, 2490 (2010). Therefore, that plaintiff may have been "completely unaware" of Wells Fargo & Company's corporate ownership of Wells Fargo Advisors is irrelevant to this inquiry. Here, there is no indication that Wells Fargo & Company either knew – or should have known – that plaintiff's action would have been brought against it absent some mistaken identity. As discussed above, there is no allegation of mistake identity in this case. Wells Fargo Advisors was plaintiff's employer. It has never denied this, it remains an ongoing corporate entity, and it remains a defendant in this case. When coupled with the fact that Wells Fargo & Company was not even named in plaintiff's Charge of Discrimination, there is simply nothing in this record to suggest that plaintiff has met her burden of demonstrating that her untimely claims against Wells Fargo & Company relate back to her timely ones against Wells Fargo Advisors.

not substituting Wells Fargo & Company for Wells Fargo Advisors because she has just found out that Wells Fargo & Company is actually her employer. Wells Fargo Advisors has not denied that it was plaintiff's employer, and it remains a defendant in this case. It seems that the only reason plaintiff added Wells Fargo & Company as a defendant is because it owns Wells Fargo Advisors. Yet, absent circumstances not present here, a mere allegation of corporate ownership is insufficient to demonstrate that Wells Fargo & Company is a proper party, anyway. Because plaintiff asserts no basis for equitable tolling, her claims against Wells Fargo & Company will be dismissed as untimely.[4]

Defendants withdraw their motion to dismiss plaintiff's state law discrimination claims (Counts III and IV of the third amended complaint) for failure to obtain a right to sue letter as plaintiff has produced her right to sue letter. Therefore, the motion to dismiss the state law claims on that ground will be denied.

Defendants also move to dismiss plaintiff's failure to accommodate claims under federal and state law (Counts II and IV) for failure to exhaust administrative remedies. Plaintiff's third amended complaint brings two claims of disability discrimination under the Americans with Disabilities Act and two claims of disability discrimination under the Missouri Humans Rights Act. Two of these four claims are for failure to accommodate her disability, but plaintiff did not allege a failure to accommodate in her Charge of Discrimination with the EEOC or the MCHR. Instead, she only checked the boxes for discrimination based on retaliation and disability. In fact, in the narrative portion of her Charge of Discrimination, plaintiff alleges that she "requested an

---

[4]Because I am granting the motion to dismiss on this ground, I need not – and therefore do not – consider the alternative grounds for dismissal advanced by Wells Fargo & Company.

accommodation due to my disability and it was granted. However, I was ultimately terminated for making use of this accommodation."

Before a plaintiff may file a complaint in federal court alleging violations of the ADA , she must first exhaust her administrative remedies. See, 42 U.S.C. § 12117(a) (stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims); Habib-Stevens v. Trans States Airlines, Inc., 229 F. Supp. 2d 945, 946 (E.D. Mo. 2002). Exhausting administrative remedies requires timely filing a charge with the EEOC and receiving a right to sue letter. See Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). After completing this process the exhaustion requirement is met and a plaintiff may thereafter "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. Am. National Ins. co., 154 F.3d 875, 887 (8th Cir. 1998). The standard is the same under the MHRA. Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 853-54 (8th Cir. 2012). A claim for disability discrimination or retaliation, without more, is not like or reasonably related to a claim for failure to accommodate. See McNeil v. Metro, 748 F. Supp. 2d 1047, 1056-57 (E.D. Mo. 2010); Hammonds v. Union Elec. Co., 2011 WL 6010919, *2 (E.D. Mo. Dec. 2, 2011). That is especially true here where plaintiff alleged that she requested – and was granted – an accommodation. Plaintiff has come forward with no evidence suggesting that a failure to accommodate claim was actually investigated by the EEOC or the MCHR. Because plaintiff failed to exhaust her administrative remedies with respect to her failure to accommodate claims under the ADA and the MHRA, Counts II and IV will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#41] is granted only as follows: **Wells Fargo & Company is dismissed as a defendant, and Counts II and IV against Wells Fargo Advisors are also dismissed**. In all other respects, the motion is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this  23  day of July, 2013.